**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Martin W. Winn, on behalf of himself and others similarly situated,<br><br>        Plaintiff,<br><br>vs.<br><br>Unifund CCR Partners, an Ohio partnership; the Hameroff Law Firm, P.C., an Arizona professional corporation; David E. Hameroff, an individual; the marital community of David E. Hameroff and Jane Doe Hameroff; David W. Lippman, an individual; the marital community of David W. Lippman and Jane Doe Lippman,<br><br>        Defendants. | No. CIV 06-447 TUC FRZ (GEE)<br><br>**ORDER** |

      Pending before the court is a motion to strike scandalous and immaterial pleadings filed on December 8, 2006, by the plaintiff, Martin Winn. [doc. #24] The defendants, Hameroff/Lavinsky Law Firm, P.C., David Hameroff, and David Lippman (collectively, Hameroff) filed a response.

      Previously, Hameroff filed a complaint in Maricopa County Superior Court on behalf of his client, Unifund CCR Partners, claiming Martin Winn owed his client a debt. In the instant action, Winn claims the state court complaint violates the Fair Debt Collection

Practices Act (FDCPA), 15 U.S.C. § 1692 et seq., which prohibits debt collectors from engaging in deceptive, abusive and unfair practices.

On November 14, 2006, Hameroff filed a motion for judgment on the pleadings. Winn filed a response and Hameroff filed a reply. In the instant motion, Winn moves that the court strike parts of Hameroff's reply brief supporting his motion for judgment on the pleadings because they are scandalous and immaterial pursuant to FED.R.CIV.P. 12(f).

The case has been referred to Magistrate Judge Edmonds for all pretrial matters pursuant to Local Civil Rule 72.2. Rules of Practice of the U.S. District Court for the District of Arizona.

Discussion

Pursuant to Rule 12(f), "[u]pon motion made by a party . . . the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED.R.CIV.P.

Winn moves pursuant to Rule 12(f) that this court strike parts of Hameroff's reply brief because they are scandalous and immaterial. This Rule, however, pertains only to pleadings. FED.R.CIV.P. 12(f). The term "pleading" refers to a complaint, answer, reply to a counterclaim, answer to a cross claim, a third-party complaint, or a third-party answer. FED.R.CIV.P. 7(a). A reply brief is not a pleading. Rule 12(f) does not apply. *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). Accordingly,

IT IS ORDERED that the motion to strike scandalous and immaterial pleadings filed on December 8, 2006, by the plaintiff, Martin Winn, is DENIED.  [doc. #24]

DATED this 2nd day of February, 2007.

_____
Glenda E. Edmonds
United States Magistrate Judge