**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Martin W. Winn, on behalf of himself and others similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>Unifund CCR Partners, an Ohio partnership; the Hameroff Law Firm, P.C., an Arizona professional corporation; David E. Hameroff, an individual; the marital community of David E. Hameroff and Jane Doe Hameroff; David W. Lippman, an individual; the marital community of David W. Lippman and Jane Doe Lippman,<br><br>    Defendants. | No. CIV 06-447 TUC FRZ (GEE)<br><br>**REPORT AND RECOMMENDATION** |

    Pending before the court is a motion for judgment on the pleadings filed on November 14, 2006, by the defendants, Hameroff/Lavinsky Law Firm, P.C., David Hameroff, and David Lippman (collectively, Hameroff). [doc. #20] The plaintiff filed a response, and Hameroff filed a reply.

    Also pending is a motion to strike immaterial and incomplete affirmative defenses filed by the plaintiff, Martin W. Winn, on October 25, 2006. [doc. # 18] Hameroff filed a response.

1    The plaintiff, Martin W. Winn, was named as a defendant in a collection action filed in Maricopa County Superior Court. He now brings an action against the state court plaintiff and his attorney, Hameroff, claiming the state court complaint violates the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq. In the instant motion, Hameroff argues he is entitled to judgment on the pleadings because Winn's complaint fails to state a claim upon which relief can be granted.

The case has been referred to Magistrate Judge Edmonds for all pretrial matters pursuant to Local Civil Rule 72.2. Rules of Practice of the U.S. District Court for the District of Arizona.

Neither party requested a hearing, and the court finds the motion suitable for decision without oral argument. The motion to dismiss should be granted. The prayer for attorney's fees in the state court complaint did not violate the FDCPA.

Factual and Procedural Background

On or about May 16, 2006, Hameroff filed a civil complaint in Maricopa County Superior Court claiming Martin W. Winn owed a credit card debt to his client, Unifund CCR Partners. In the body of the complaint, Hameroff explicitly alleges what Winn owes his creditor: principal in the amount of $11,301.91; interest in the amount of $1,432.27; and interest on the principal at the rate of 10.000% from 03/01/2006. (Complaint, Exhibit A.) The complaint further asserts the creditor is entitled to "recover court costs and reasonable attorney's fees." *Id.* No specific amount is quoted in this section.

In the following prayer for damages, the complaint states as follows:

WHEREFORE, Plaintiff prays and demands judgment against the Defendant(s), and each of them as follows:

A. For judgment in the principal amount of $ 11,301.91:

B. For judgment for accrued interest in the amount of $1,432.27

C. For accruing interest on the following sum(s) until paid in full

- 2 -

| Principal Sum of: | At the rate of: | From: |
|---|---|---|
| $11,301.91 | 10.000% | 03/01/2006 |

D. For reasonable attorney's fees in the amount of not less than $ 2,486.42.

E. For Plaintiff's court costs incurred herein;

F. For interest at the legal rate on attorney fees and costs known the date hereof; and

G. For such other and further relief as the court deems just and proper in the premises.

(Complaint, Exhibit A.)

The original debt was incurred through the use of a credit card issued by Chase Manhattan Bank/ First USA Bank. (Complaint, p. 6.) The credit card agreement states the agreement between the parties will be governed by the laws of the State of Delaware. *Id.* The agreement further provides that "reasonable" attorney's fees may be awarded if the debtor's breach results in litigation. *Id.*

On August 24, 2006, Winn filed the instant action in U.S. District Court. Winn asserts in his complaint that the prayer for attorney's fees in the state court complaint violates the FDCPA by "utilizing a collection communication in an attempt to collect a consumer debt that was false, deceptive, or misleading in violation of 15 U.S.C. § 1692e" and "utilizing [an] unfair collection communication in an attempt to collect a debt in violation of 15 U.S.C. § 1692f." *Id.*, p. 9.

In the instant motion, Hameroff argues he is entitled to judgment on the pleadings because the complaint fails to state a claim upon which relief can be granted. Within the motion, Hameroff moves that the court award him attorney's fees pursuant to FED.R.CIV.P. 11(c)(1)(A) and 15 U.S.C. § 1692k(a)(3).

<u>Standard: Failure to State a Claim Upon Which Relief Can be Granted</u>

Hameroff moves for judgment on the pleadings pursuant to FED.R.CIV.P. 12(c). If, as here, the defendant argues the plaintiff failed to state a claim in his complaint, the motion

- 3 -

is analyzed as though it were brought pursuant to FED.R.CIV.P. 12(b)(6). *McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 810 (9th Cir. 1988).

A complaint may be dismissed for failure to state a claim upon which relief can be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle the plaintiff to relief." *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002), *cert. denied*, 538 U.S. 921 (2003). "[I]t may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by*, *Harlow v. Fitzgerald*, 457 U.S. 800 (1982). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Id.*

In considering the motion, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the plaintiff." *In re Stac Electronics Securities Litigation*, 89 F.3d 1399, 1403 (9th Cir.1996) (internal citations omitted), *cert. denied*, 520 U.S.1103 (1997). "Nonetheless, conclusory allegations without more are insufficient to defeat [the motion]." *McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 810 (9th Cir. 1988).

Discussion

The Fair Debt Collection Practices Act (FDCPA) was designed "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692. The FDCPA, inter alia, "broadly prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt." *Dunlap v. Credit Protection Ass' n*, 419 F.3d 1011, 1012 (9th Cir. 2005) (citing 15 U.S.C. § 1692e) (internal punctuation removed). Specifically, subsection 1692e(2)(A) prohibits the false representation of the "character, amount, or legal status of any debt." *Id.*

Section 1692f broadly prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Specifically, subsection

1 1692f(1) prohibits "[t]he collection of any amount (including any interest, fee, charge, or
2 expense incidental to the principal obligation) unless such amount is expressly authorized by
3 the agreement creating the debt or permitted by law." *Id.* "The impact of language alleged
4 to violate the FDCPA is judged under the 'least sophisticated debtor' standard." *Dunlap*, 419
5 F.3d at 1012.

6 In this case, Winn concedes his credit card agreement provides for reasonable
7 attorney's fees if litigation is required by the debtor's breach. He further asserts the
8 agreement is governed by the laws of the State of Delaware which allows an award of
9 reasonable attorney's fees. *See* 10 Del. C. § 3912. Nevertheless, he claims Hameroff's
10 complaint violates the FDCPA because it cites a specific amount of attorney's fees in the
11 prayer for relief. He observes that neither the credit card agreement nor Delaware law
12 authorizes this, or any, specific amount. This specific amount, he argues, is "liquidated
13 damages" which "attempt[s] to collect monies not expressly authorized by the contract
14 creating the debt, or expressly authorized by law" and "misrepresents the nature, character
15 and amount of the debt." (Complaint, pp. 6, 7.) The court does not agree.

16 Hameroff's complaint contains a prayer for relief. It is what it purports to be – a
17 "prayer" or request for a certain amount of attorney's fees. It is a request that the court find
18 an amount not less that $2,486.42 to be reasonable. It is not an assertion that this specific
19 amount is explicitly authorized by the credit agreement. The prayer for relief does not
20 violate the FDCPA. *See Argentieri v. Fisher Landscapes, Inc*., 15 F.Supp.2d 55, 61
21 (D.Mass.,1998) (holding that a request for attorney's fees in a collection complaint is just
22 that – a request.).

23 The court's reasoning is reinforced by the structure of the complaint. In the body of
24 the state court complaint, Hameroff explicitly alleges what Winn owes his creditor: principal
25 in the amount of $11,301.91; interest in the amount of $1,432.27; and interest on the
26 principal at the rate of 10.000% from 03/01/2006. (Complaint, Exhibit A.) Further, the
27 complaint asserts the creditor is entitled to "recover court costs and reasonable attorney's
28 fees." *Id.* No specific amount is quoted in this section.

Then, in the prayer for relief, Hameroff asks for judgment in the following amounts: principal in the amount of $11,301.91; interest in the amount of $1,432.27; and interest on the principal at the rate of 10.000% from 03/01/2006. (Complaint, Exhibit A.) Hameroff then asks for "reasonable attorney's fees in the amount of not less than $2,486.42." *Id.* This amount does not appear in the body of the complaint where Winn's specific obligations under the credit card agreement are listed. *Id.* Even the "least sophisticated debtor" would understand that this amount, $2,486.42, is not an explicit part of his agreement. Instead, it is what his creditor would like the court to conclude is reasonable. He might have to pay it; he might not. The prayer for relief is not false, deceptive, misleading or unfair. *See* 15 U.S.C. §§ 1692e, 1692f. It does not violate the FDCPA. *See Fields v. Wilber Law Firm, P.C.,* 383 F.3d 562, 564-65 (7th Cir. 2004) (Where the contract provided for payment of attorney's fees, asking for a specific amount of attorney's fees in a dunning letter did not misstate the amount of the debt in violation of §1692g(a) of the FDCPA.); *Bull v. Asset Acceptance*, LLC, 444 F.Supp.2d 946, 949-51 (N.D.Ind., 2006) (Where the credit agreement provided for payment of reasonable attorney's fees, asking for a specific amount of attorney's fees in a collection complaint did not violate the FDCPA.); *Argentieri v. Fisher Landscapes, Inc*., 15 F.Supp.2d 55, 61 (D.Mass.,1998) (General prayer for attorney's fees in collection complaint did not violate §1692f even where the credit agreement did not specifically authorize attorney's fees.).

In his response brief, Winn argues Hameroff's prayer for attorney's fees violates the FDCPA relying on *Boatley v. Diem Corp.*, 2004 U.S. Dist. LEXIS 5089 and *Stolicker v. Muller*, 2005 U.S. Dist. LEXIS 32404. These cases, however, are distinguishable.

In *Boatley*, the contract between the creditor and debtor provided for an award of reasonable attorney's fees to the "prevailing party." *Boatley v. Diem Corp.*, 2004 U.S. Dist. LEXIS 5089. The creditor obtained a judgment against the debtor which awarded reasonable attorney's fees in the amount of $86.00. *Id.* Later, the creditor told the debtor in a dunning letter that she owed attorney's fees in the amount of $183.00. *Id.*

The debtor subsequently brought an action in federal court pursuant to the FDCPA. *Id.* The district court concluded the creditor's communication which quoted attorney's fees in the amount of $183.00 violated the FDCPA. *Id.*

In *Boatley*, the district court found the creditor's demand for a specific amount of attorney's fees violated the FDCPA. *Id.* This holding, however, turned on the fact that a state court had already awarded a specific amount of attorney's fees which was different from the amount later demanded. *Id.* The contract between the creditor and the debtor allowed the "prevailing party" to recover "reasonable attorney's fees." *Id.* When the state court issued its judgment, a determination was made as to who was the prevailing party and what fees were reasonable. *Id.* When the creditor later told the debtor she owed $183.00, it was "attempting to collect an amount of fees and costs not expressly found in the agreement or in the judgment." *Id.* This demand violated the FDCPA. *Id.* (citing 15 U.S.C. § 1692f(1)).

In the instant case, Winn claims Hameroff's prayer for a specific amount of attorney's fees violates the FDCPA. Winn, however, does not allege the existence of a prior state court ruling determining what amount of fees would be reasonable. *Id.* Absent a prior contrary state court ruling, Hameroff's prayer for attorney's fees is not unfair. *Boatley* is distinguishable.

In *Stolicker*, the credit card agreement between the creditor and the debtor provided for reasonable attorney's fees. *Stolicker v. Muller*, 2005 U.S. Dist. LEXIS 32404; 2005 WL 2180481(W.D.Mich.). The creditor filed suit, but the debtor did not appear. *Id.* The creditor then filed a motion for default judgment and attached an affidavit stating the claim was for a "sum certain" and declaring it was entitled to attorney's fees in the amount of $ 776.68 (25% of the principal debt) "pursuant to agreement made by defendant." *Id.*

The debtor subsequently brought an action in federal court pursuant to the FDCPA. *Id.* The district court held that the creditor violated the FDCPA when it claimed in the affidavit the liquidated sum as attorney's fees because this specific amount does not appear

in the contract between the parties. The affidavit misrepresented the amount of the debt owed in violation of § 1692e(2)(A), (B).

In the instant case, Hameroff quotes a specific level of attorney's fees in his prayer for damages, but he does not allege that this specific amount is required by the terms of the credit card agreement. Instead, he acknowledges the creditor is entitled only to "reasonable" attorney's fees and invites the court to find that this specific amount is reasonable. The complaint makes a request; it does not inaccurately characterize the content of the credit card agreement. *Stolicker* is distinguishable.

Recommendation

The Magistrate Judge recommends the District Court, after its independent review of the record, enter an order

GRANTING the motion for judgment on the pleadings filed on November 14, 2006, by the defendants, Hameroff/Lavinsky Law Firm, P.C., David Hameroff, and David Lippman [doc. #20] and

DENYING as MOOT the motion to strike immaterial and incomplete affirmative defenses filed by the plaintiff, Martin W. Winn, on October 25, 2006. [doc. # 18]

The defendants included a motion for attorney's fees within the instant motion for judgment on the pleadings. The motion for fees, in so far as it relies on Rule 11, was not brought in a procedurally correct manner and should be denied. FED.R.CIV.P. 11(c)(1)(A). The motion, in so far as it relies on 15 U.S.C. § 1692k(a)(3), is premature and should be filed in accordance with Local Civil Rule 54.2.

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 10 days of being served with a copy of this report and recommendation. If objections are not timely filed, the party's right to de novo review may be waived. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc), *cert. denied*, 540 U.S. 900 (2003).

The Clerk is directed to send a copy of this report and recommendation to all parties.

DATED this 13th day of February, 2007.

Glenda E. Edmonds
United States Magistrate Judge