1

2

3

4

5

6

7

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

8

9

10

11

12

13

14

Martin W. Winn,                              )        No. CV 06-447-TUC-FRZ
                                             )
              Plaintiff,                      )        **ORDER**
                                             )
vs.                                          )
                                             )
                                             )
Unifund CCR Partners, et al.,                )
                                             )
              Defendants.                     )
                                             )
_____ )

15

16

17

18

19

20

21

22

23

## I.  <u>Procedural Background</u>

Pending before the Court is Defendants' motion for judgment on the pleadings. United States Magistrate Judge Glenda E. Edmonds issued a Report and Recommendation recommending that the motion be granted by the Court.  The Report and Recommendation indicated that any party could file written objections after being served with a copy of the Report and Recommendation.  Plaintiff filed objections to the Report and Recommendation, Defendants filed a response to those objections, and Plaintiff filed a reply.  Defendant did not file any objections to the Report and Recommendation.

24

25

26

27

## II.  <u>Standard for Reviewing a Report and Recommendation</u>

The Court reviews de novo the objected-to portions of the Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).    The Court reviews for clear error the unobjected-to portions of the Report and Recommendation.  *Johnson v. Zema Systems*

28

1 *Corp.*,170 F.3d 734, 739 (7th Cir. 1999); *see also Conley v. Crabtree*, 14 F. Supp. 2d 1203,

2 1204 (D. Or. 1998).

3 **III. Plaintiff's Objections**[1]

4     **a. Incorrect Legal Standard**

5     Plaintiff argues that the Report and Recommendation applied the incorrect legal

6 standard in evaluating the motion for judgment on the pleadings, and that the Report and

7 Recommendation improperly relied on facts outside the Complaint thereby converting the

8 motion for judgment on the pleadings into a motion for summary judgment.  The Court

9 disagrees.  The Report and Recommendation applied the proper legal standard and explicitly

10 stated the proper standard as follows:

11     Hameroff moves for judgment on the pleadings pursuant to FED.R.CIV.P. 12(c). If,as here, the defendant argues the plaintiff failed to

12 state a claim in his complaint, the motion is analyzed as though it were brought pursuant to FED.R.CIV.P. 12(b)(6). *McGlinchy v. Shell Chemical Co.*, 845

13 F.2d 802, 810 (9th Cir. 1988).

14     A complaint may be dismissed for failure to state a claim upon which relief can be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle the plaintiff

15 to relief." *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002)*, cert. denied*, 538 U.S. 921 (2003). "[I]t may appear on the face of the pleadings that a

16 recovery is very remote and unlikely but that is not the test." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by*, *Harlow v.*

17 *Fitzgerald*, 457 U.S. 800 (1982). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to

18 support the claims." *Id.*

19     In considering the motion, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the plaintiff." *In re Stac*

20 *Electronics SecuritiesLitigation*, 89 F.3d 1399, 1403 (9th Cir.1996) (internal citations omitted), *cert. denied*, 520 U.S.1103 (1997). "Nonetheless,

21 conclusory allegations without more are insufficient to defeat [the motion]." *McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 810 (9th Cir. 1988).

22 *See* Report and Recommendation at 3-4.  After correctly stating the standard of review, the

23 Report and Recommendation properly evaluated the facts by taking all of Plaintiff's alleged

24 facts (as opposed to legal conclusions) in the Complaint as true, which included reference

25 to the underlying state court complaint at issue which Plaintiff specifically attached to the

26 ────────────

27     [1]As the Report and Recommendation throughly discussed the relevant facts and law, the Court will not repeat that entire discussion; rather, the Court will only discuss these issues as

28 necessary to resolve the objections filed by Plaintiff.

1    Complaint filed in federal court.  *See generally U.S. v.* Ritchie, 342 F.3d 903, 908 (9th Cir.

2    2003)("A court may . . . consider certain materials - documents attached to the complaint,

3    documents incorporated by reference in the complaint, or matters of judicial notice - without

4    converting the motion to dismiss into a motion for summary judgment."); *Headwaters Inc.*

5    *v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005)(courts may take judicial

6    notice of the docket in related cases as materials from a proceeding in another tribunal are

7    appropriate for judicial notice); *Emrich v. Touche Ross & Company*, 846 F.2d 1190, 1198

8    (9th Cir. 1988)(a motion to dismiss for failure to state a claim is not treated as a summary

9    judgment motion where the Court considers matters subject to judicial notice such as

10   proceedings and determinations in related litigation); *Mullis v. U.S. Bankruptcy Court for the*

11   *District of Nevada*, 828 F.2d 1385, 1388 (9th Cir. 1987)(facts subject to judicial notice may

12   be considered in relation to a motion to dismiss; further holding that on a motion to dismiss,

13   the court need not accept as true allegations that contradict facts which may be judicially

14   noticed by the court).   Nonetheless, after taking all of Plaintiff's facts as true, the Report and

15   Recommendation correctly found that these facts did not state a legally cognizable claim

16   which therefore entitled Defendants to judgment on the pleadings.  Plaintiff's objection is

17   rejected.[2]

18       **b. The Remaining Objections**

19       A review of Plaintiff's remaining objections show that they are a rehash of the

20   arguments made before the Magistrate Judge which were adequately addressed and properly

21   rejected.  Plaintiff's remaining objections simply argue that given the standards governing

22   claims under the Fair Debt Collection Practices Act ("FDCPA"), Defendants' request for a

23   reasonable amount of attorney's fees (with a corresponding statement of fees Defendants'

24

25       [2]The Court notes that Plaintiff makes another curious argument in relation to his first
26   objection. He seems to argue that the Report and Recommendation also considered improper facts,
     thereby converting the motion into a motion for summary judgment, by simply citing and discussing
27   case law that Plaintiff did not discuss in his responsive brief.  The Magistrate Judge, like this Court,
     obviously is not bound to only discuss and consider cases that Plaintiff chooses to discuss in his
28   briefs, and this does not constitute consideration of facts outside the pleadings.

1    believed reasonable) in a state court collection case somehow rises to the level of a FDCPA

2    violation. The Report and Recommendation appropriately discussed and resolved Plaintiff's

3    substantive claims as follows:

4             The Fair Debt Collection Practices Act (FDCPA) was designed "to
         eliminate abusive debt collection practices by debt collectors, to insure that
5        those debt collectors who refrain from using abusive debt collection practices
         are not competitively disadvantaged, and to promote consistent State action to
6        protect consumers against debt collection abuses." 15 U.S.C. § 1692. The
         FDCPA, inter alia, "broadly prohibits a debt collector from using any false,
7        deceptive, or misleading representation or means in connection with the
         collection of any debt." *Dunlap v. Credit Protection Ass' n*, 419 F.3d 1011,
8        1012 (9th Cir. 2005) (citing 15 U.S.C. § 1692e) (internal punctuation
         removed). Specifically, subsection 1692e(2)(A) prohibits the false
9        representation of the "character, amount, or legal status of any debt." *Id.*

10            Section 1692f broadly prohibits a debt collector from using "unfair or
         unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §
11       1692f. Specifically, subsection 1692f(1) prohibits "[t]he collection of any
         amount (including any interest, fee, charge, or expense incidental to the
12       principal obligation) unless such amount is expressly authorized by the
         agreement creating the debt or permitted by law." *Id.* "The impact of language
         alleged to violate the FDCPA is judged under the 'least sophisticated debtor'
13       standard." *Dunlap*, 419 F.3d at 1012.

14            In this case, Winn concedes his credit card agreement provides for
         reasonable attorney's fees if litigation is required by the debtor's breach. He
15       further asserts the agreement is governed by the laws of the State of Delaware
         which allows an award of reasonable attorney's fees. *See* 10 Del. C. § 3912.
16       Nevertheless, he claims Hameroff's complaint violates the FDCPA because it
         cites a specific amount of attorney's fees in the prayer for relief. He observes
17       that neither the credit card agreement nor Delaware law authorizes this, or any,
         specific amount. This specific amount, he argues, is "liquidated damages"
18       which "attempt[s] to collect monies not expressly authorized by the contract
         creating the debt, or expressly authorized by law" and "misrepresents the
         nature, character and amount of the debt." (Complaint, pp. 6, 7.) The court
19       does not agree.

20            Hameroff's complaint contains a prayer for relief. It is what it purports
         to be – a "prayer" or request for a certain amount of attorney's fees. It is a
21       request that the court find an amount not less that $2,486.42 to be reasonable.
         It is not an assertion that this specific amount is explicitly authorized by the
         credit agreement. The prayer for relief does not violate the FDCPA. *See*
22       *Argentieri v. Fisher Landscapes, Inc.*, 15 F.Supp.2d 55, 61 (D.Mass.,1998)
         (holding that a request for attorney's fees in a collection complaint is just
23       that – a request.).

24            The court's reasoning is reinforced by the structure of the complaint. In
         the body of the state court complaint, Hameroff explicitly alleges what Winn
25       owes his creditor: principal in the amount of $11,301.91; interest in the amount
         of $1,432.27; and interest on the principal at the rate of 10.000% from
26       03/01/2006. (Complaint, Exhibit A.) Further, the complaint asserts the creditor
         is entitled to "recover court costs and reasonable attorney's fees." *Id.* No
         specific amount is quoted in this section.

27            Then, in the prayer for relief, Hameroff asks for judgment in the
         following amounts: principal in the amount of $11,301.91; interest in the
28       amount of $1,432.27; and interest on the principal at the rate of 10.000% from

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

03/01/2006. (Complaint, Exhibit A.) Hameroff then asks for "reasonable attorney's fees in the amount of not less than $2,486.42." *Id.* This amount does not appear in the body of the complaint where Winn's specific obligations under the credit card agreement are listed. *Id.* Even the "least sophisticated debtor" would understand that this amount, $2,486.42, is not an explicit part of his agreement. Instead, it is what his creditor would like the court to conclude is reasonable. He might have to pay it; he might not. The prayer for relief is not false, deceptive, misleading or unfair. *See* 15 U.S.C. §§ 1692e, 1692f. It does not violate the FDCPA. *See Fields v. Wilber Law Firm, P.C.,* 383 F.3d 562, 564-65 (7th Cir. 2004) (Where the contract provided for payment of attorney's fees, asking for a specific amount of attorney's fees in a dunning letter did not misstate the amount of the debt in violation of §1692g(a) of the FDCPA.); *Bull v. Asset Acceptance*, LLC, 444 F.Supp.2d 946, 949-51 (N.D.Ind., 2006) (Where the credit agreement provided for payment of reasonable attorney's fees, asking for a specific amount of attorney's fees in a collection complaint did not violate the FDCPA.); *Argentieri v. Fisher Landscapes, Inc.*, 15 F.Supp.2d 55, 61 (D.Mass.,1998) (General prayer for attorney's fees in collection complaint did not violate §1692f even where the credit agreement did not specifically authorize attorney's fees.).

*See* Report and Recommendation at 4-6. Plaintiff's remaining objections are rejected.

### c.  The Remaining Issues

As to the remaining issues that were not objected to by the parties, the Court has reviewed the entire record and concludes that Magistrate Judge Edmonds' recommendations are not clearly erroneous. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *Conley v. Crabtree*, 14 F. Supp. 2d 1203, 1204 (D. Or. 1998).

**IV. <u>Conclusion</u>**

Accordingly, IT IS HEREBY ORDERED as follows:

(1) United States Magistrate Judge Edmonds' Report and Recommendation (Doc. #34) is **accepted and adopted**.

(2) Defendants' motion for judgment on the pleadings is **granted**; as such, all other pending motions are denied and this case is **dismissed with prejudice**.[3]

(3) The **Clerk of the Court shall enter judgment accordingly and close the file in this matter**.

DATED this 30th day of March, 2007.

_Frank R. Zapata_
FRANK R. ZAPATA
United States District Judge

---

[3]As any amendments would be futile, Plaintiff's request to amend the Complaint is denied. *See Pink v. Modoc Indian Health Project, Inc.*, 157 F.3d 1185, 1189 (9th Cir. 1998).