**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Martin W. Winn, on behalf of himself and others similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>Unifund CCR Partners, an Ohio partnership; the Hameroff Law Firm, P.C., an Arizona professional corporation; David E. Hameroff, an individual; the marital community of David E. Hameroff and Jane Doe Hameroff; David W. Lippman, an individual; the marital community of David W. Lippman and Jane Doe Lippman,<br><br>    Defendants. | No. CIV 06-447 TUC FRZ (GEE)<br><br>**REPORT AND RECOMMENDATION** |

    Pending before the court is a motion for attorney's fees filed on April 13, 2007, by the defendants, Hameroff Law Firm, P.C. and David Hameroff (collectively, Hameroff). [doc. #42] The plaintiff filed a response, and Hameroff filed a reply.

    The plaintiff in the instant action, Martin W. Winn, was named as a defendant in a collection action filed in Maricopa County Superior Court. He brought an action in this court against the state court plaintiff and his attorney, Hameroff, claiming the state court complaint violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq. The

1  action in this court was dismissed pursuant to FED.R.CIV.P. 12(c).  In the instant motion,
2  Hameroff argues he is entitled to attorney's fees and costs pursuant to statute.
3  　　The instant motion was referred to Magistrate Judge Edmonds for a Report and
4  Recommendation pursuant to Local Civil Rule 72.2.  Rules of Practice of the U.S. District
5  Court for the District of Arizona.
6  　　Neither party requested a hearing, and the court finds the motion suitable for decision
7  without oral argument.  The motion should be denied.  The underlying action was not filed
8  in bad faith and for the purpose of harrassment..
9
10  　　Factual and Procedural Background
11  　　On or about May 16, 2006, Hameroff filed a civil complaint in Maricopa County
12  Superior Court claiming Martin W. Winn owed a credit card debt to his client, Unifund CCR
13  Partners.  In the body of the complaint, Hameroff explicitly alleges what Winn owes his
14  creditor: principal in the amount of $11,301.91; interest in the amount of $1,432.27; and
15  interest on the principal at the rate of 10.000% from 03/01/2006. (Complaint, Exhibit A.)
16  The complaint further asserts the creditor is entitled to "recover court costs and reasonable
17  attorney's fees."  *Id.*  No specific amount is quoted in this section.
18  　　In the following prayer for damages, the complaint states as follows:
19  　　WHEREFORE, Plaintiff prays and demands judgment against the Defendant(s), and each of them as follows:
20
21  　　A.  For judgment in the principal amount of $ 11,301.91:
22  　　B.  For judgment for accrued interest in the amount of $1,432.27
23  　　C.  For accruing interest on the following sum(s) until paid in full
24  　　Principal Sum of:　　At the rate of:　　From:
　　$11,301.91　　　　　　10.000%　　　　　03/01/2006
25  　　D.  For reasonable attorney's fees in the amount of not less than $ 2,486.42.
26  　　E.  For Plaintiff's court costs incurred herein;
27  　　F.  For interest at the legal rate on attorney fees and costs known the date hereof; and
28

G. For such other and further relief as the court deems just and proper in the premises.

(Complaint, Exhibit A.)

The original debt was incurred through the use of a credit card issued by Chase Manhattan Bank/ First USA Bank. (Complaint, p. 6.) The credit card agreement states the agreement between the parties will be governed by the laws of the State of Delaware. *Id.* The agreement further provides that "reasonable" attorney's fees may be awarded if the debtor's breach results in litigation. *Id.*

On August 24, 2006, Winn filed the instant action in U.S. District Court. Winn claimed the prayer for attorney's fees in the state court complaint violated the FDCPA because it was "false, deceptive, or misleading in violation of 15 U.S.C. § 1692e" and "[an] unfair collection communication in an attempt to collect a debt in violation of 15 U.S.C. § 1692f." *Id.*, p. 9.

Hameroff filed a motion for judgment on the pleadings. The Magistrate Judge issued a Report and Recommendation advising the District Court to grant the motion because the complaint failed to state a claim upon which relief could be granted.

On March 30, 2007, the District Court granted Hameroff's motion for judgment on the pleadings.

On April 13, 2007, Hameroff filed the instant motion for attorney's fees and costs. pursuant to 15 U.S.C. § 1692k(a)(3). Winn filed a response and Hameroff filed a reply.

Discussion

The Fair Debt Collection Practices Act (FDCPA) was designed "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692. The FDCPA, inter alia, "broadly prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of

- 3 -

1 any debt." *Dunlap v. Credit Protection Ass' n*, 419 F.3d 1011, 1012 (9th Cir. 2005) (citing 15 U.S.C. § 1692e) (internal punctuation removed).

If a plaintiff brings an FDCPA action and loses, subsection 1692k(a)(3) permits the court to award attorney's fees and costs to the defendant if the action "was brought in bad faith and for the purpose of harassment." For an award to be made, "there must be evidence that the plaintiff knew that his claim was meritless and that plaintiff pursued his claims with the purpose of harassing the defendant." *Gorman v. Wolpoff & Abramson, LLP*, 435 F.Supp.2d 1004, 1013 (N.D.Cal. 2006).

In the instant motion, Hameroff argues an award of costs and attorney's fees is appropriate because (1) the plaintiff's claim is not supported by any legal authority, (2) the plaintiff's attorney has filed numerous actions against him, and (3) the plaintiff's attorney has prolonged the litigation. The court does not agree.

Hameroff first argues bad faith may be inferred because there is no legal authority for the plaintiff's theory of liability. Hameroff correctly observes there is no case law directly supporting the plaintiff's claim for relief. In fact, one court issued an opinion in direct contradiction, *Argentieri v. Fisher Landscapes, Inc.*, 15 F.Supp.2d 55, 61 (D.Mass.,1998). On the other hand, it also must be noted there is no binding authority foreclosing the plaintiff's position. The issue has not yet been addressed by either the Ninth Circuit or the Supreme Court. Accordingly, it cannot be said the plaintiff knew his claim was meritless. Where an issue has not been addressed by a controlling jurisdiction, the court should not infer bad faith simply from the dismissal of a novel claim. *See, e.g., Friedman v. HHL Fin. Servs., Inc.*, 1994 WL 22969, at *3 (N.D.Ill., 1994) ("[The plaintiffs] do not risk sanctions merely by making losing arguments concerning statutory language that is not clearly defined."); *Riebe v. Juergensmeyer and Associates*, 979 F.Supp. 1218, 1222 (N.D.Ill., 1997) ("[D]espite Defendants' characterization of the lawsuit as absurd, the facts of this case are sufficiently unique to bring an action (albeit unsuccessful) under the statute . . . .").

Hameroff further argues the plaintiff's attorney has targeted him and points to five actions which the plaintiff's attorney filed against him in this court. While five actions is by

- 4 -

no means an insignificant number, without more the court cannot conclude the plaintiff's attorney is filing actions in bad faith simply for the purpose of harassment. The plaintiff's attorney apparently specializes in FDCPA actions, while the defendant apparently specializes in representing creditors. Accordingly, it is not entirely unexpected that these two attorneys would find themselves opposing each other in multiple lawsuits.

Finally, Hameroff argues the plaintiff's attorney has been prolonging the litigation by making questionable legal arguments. For example, the plaintiff's attorney argued the Magistrate Judge in her Report and Recommendation improperly converted the motion for judgment on the pleadings into a motion for summary judgment by considering case law the plaintiff did not cite in his briefs. This argument is based on an incorrect reading of the law and was rejected by the District Court. It is, however, only a small part of the plaintiff's objection to the Report and Recommendation and could not have significantly prolonged the litigation. Accordingly, it is unlikely to be part of a larger campaign of harassment against the defendant. *But see, Black v. Equinox Financial Management Solutions, Inc.*, 444 F.Supp.2d. 1271, 1275-76 (N.D.Ga., 2006) (Where the plaintiff should have found his action was meritless by the end of discovery, pressing his claim through the summary judgment stage was evidence of bad faith.).

Recommendation

The Magistrate Judge recommends the District Court, after its independent review of the record, enter an order

DENYING the motion for attorney's fees and costs filed on April 13, 2007, by the defendants, Hameroff Law Firm, P.C. and David Hameroff.   [doc. #42]

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 10 days of being served with a copy of this Report and Recommendation.   If objections are not timely filed, the party's right to de novo review may be waived. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc), *cert. denied*, 540 U.S. 900 (2003).

The Clerk is directed to send a copy of this Report and Recommendation to all parties.

DATED this 7th day of August, 2007.

_Glenda E. Edmonds_
Glenda E. Edmonds
United States Magistrate Judge